UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Cannaday #16940-056, | ) C/A No.  4:15-2301-MGL-TER |
| Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| M. Travis Bragg, Warden, | ) |
| Respondent. | ) |

The petitioner, Rodney Cannaday ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Bennetsville filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND** [1]

Petitioner is serving a 384-month sentence after pleading guilty in the United District Court for the Eastern District of North Carolina is Court in 2008 to one count of possession with intent to to distribute 50 grams or more of cocaine base (crack) and a quantity of oxycodone, 18 U.S.C. §§ 841(a)(1). See Cr. Case No. 5:08-cr-0258, Docs # 17, and 25. Petitioner filed an appeal on April 3, 2009. See id. at Doc. # 24. The Judgement of the District Court was affirmed in June of 2010. See id. at Docs. # 37, 38.   Petitioner filed a motion to vacate, set aside or correct his sentence pursuant

---

[1] The Court may take judicial notice of the filings in Petitioner's underlying criminal case (Cr. Case No. 5:08-cr-0258) out of the Eastern District of North Carolina. See generally, Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

1

to 28 U.S.C. § 2255 on July 7, 2011, which the sentencing court dismissed on October 22, 2012. See id. at Docs. # 41. 57.   The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal from the denial of his § 2255 motion on April 22, 2013. See id. at Doc. # 66; (No. 12-7951).

Citing primarily United States v. Simmons, 649 F. 3d 237 (2011),  Petitioner contends that he was incorrectly classified as a "career offender" under United States Sentencing Guideline § 4B1.1 (USSG). (ECF No. 1.) Therefore, in his request for relief, Petitioner indicates that he should be resentenced "without the career offender designation." (ECF No. 1.).

**DISCUSSION**

A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe pro se petitions. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Pro se petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal

---

[2]The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

2

district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

B.   Analysis

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir.2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the

3

> applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001); Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec.22, 2000). In this case, Petitioner indicates that that he has been unsuccessful in seeking relief under § 2255 in his initial petition.  However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n. 5 (citations omitted).

Petitioner fails to satisfy criteria set forth by the United States Court of Appeals for the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In In re Jones, 226 F.3d 328 (4th Cir.2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3. Petitioner does not meet these criteria.

The instant Petition fails to demonstrate that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change since his criminal conviction was finalized after he did not file a direct appeal or since the filing of his § 2255 motion. Rather

4

Petitioner argues that the sentencing court improperly enhanced his sentence as a career offender. Petitioner essentially argues that he is actually innocent of the career offender enhancement. However, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences.[3] See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir.2008);

---

[3]The Court notes that Petitioner appears to rely on the position taken by the Solicitor General in the brief for the United States in the case of Persaud v. United States, 134 S. Ct. 1023 (2014) in support of Petitioner's position. However, as set forth above, currently, the Fourth Circuit has indicated that the savings clause does not extend to petitioners who challenge only their sentences. It is noted that Persaud has been remanded from the Supreme Court to the Fourth Circuit, which in turn remanded the case to the District Court in North Carolina for consideration of this issue. That case remains pending, but was stayed by the Western District of North Carolina on December 5, 2014, pending a decision by the Fourth Circuit Court of Appeals in a different case involving similar issues: United States v. Surratt, No. 14–6851 (4th Cir.). See United States v. Persaud, No. 3:12–cv–00509–FDW (W.D.N.C.) (ECF Nos. 15, 16).

The court notes that even after the Supreme Court's remand in Persaud, the Fourth Circuit has subsequently affirmed a district court order which likewise held that a petitioner could not challenge a sentencing enhancement via § 2241. See Order, Rouse v. Wilson, No. 1:13–cv–748 (GBL/TRJ) (E.D.Va. Feb. 19, 2014), aff'd Rouse v. Wilson, –––– Fed. App'x ––––, 2014 WL 4823637, at *1 (4th Cir.2014) (the career offender enhancement was at issue in Rouse ). As the Fourth Circuit noted in Rouse, "[t]he district court properly determined that Rouse could not proceed with his claims under § 2241." Rouse, 2014 WL 4823637, at *1 n. *.

Furthermore, and probably most telling, the Court notes that the Fourth Circuit's decision in Surratt, issued on July 31, 2015 does not provide any relief for Petitioner as evidenced by the majority's overview which is set forth below verbatim:

> In 2005, after pleading guilty to conspiracy to distribute cocaine, Raymond Surratt was sentenced to life imprisonment. We affirmed his conviction and sentence on appeal, and Surratt's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 was likewise denied. Neither Surratt's direct appeal nor his § 2255 motion questioned the legality of his mandatory life sentence.
>
> Several years later, Surratt returned to this Court and asked for permission to file a second or successive § 2255 motion. Surratt's request was premised on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which in turn overruled our prior decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Had Surratt been sentenced after Simmons, he would have faced a lower mandatory minimum sentence than the mandatory life term that he actually received. Surratt maintained that this difference entitled him to be resentenced. But Congress set out certain conditions that must be met before a successive motion may be permitted, and Surratt did not meet those required conditions. See 28 U.S.C. § 2255(h). We therefore denied him permission to file a successive motion. See In re Surratt, No. 12-283 (4th Cir. Sept. 13, 2012), ECF No. 6.
>
> In the district court, Surratt had simultaneously filed a petition for a writ of habeas corpus

Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Accordingly, to the extent that Petitioner argues that he is actually innocent of being a career offender, he fails to state a cognizable § 2241 claim.  See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)(holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").  As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence, this matter should be dismissed.

**RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

<u>s/ Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

August 12, 2015
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

> under 28 U.S.C. § 2241 seeking the same Simmons-based relief.  As a federal prisoner, however, Surratt cannot challenge his conviction and sentence under § 2241 unless 28 U.S.C. § 2255(e) -- also called the "savings clause" -- applies.  The district court concluded that § 2255(e) did not in fact confer jurisdiction to consider Surratt's claim in a § 2241 petition, so it denied Surratt's petition.
>
> Surratt now appeals from the judgment of the district court.  We are not unsympathetic to his claim; like the dissent, we recognize the gravity of a life sentence.  However, Congress has the power to define the scope of the writ of habeas corpus, and Congress has exercised that power here to narrowly limit the circumstances in which a § 2241 petition may be brought. Surratt's petition does not present one of the permitted circumstances. Accordingly, we agree that the district court lacked jurisdiction under § 2255(e) to consider Surratt's § 2241 petition and affirm the judgment below.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).